[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The defendant, Dr. M. Kurt Berky ("Dr. Berky"), moves to strike counts one and two of the plaintiffs complaint. Count one alleges that the plaintiff, Tracey Derosa Vitelli ("Vitelli") was wrongfully discharged from her position as a dental assistant in Dr. Berky's office. Count two alleges that Dr. Berky's harassment and termination constituted intentional infliction of emotional distress.
Dr. Berky asserts that his motion to strike count one should be granted because Vitelli has a statutory administrative remedy available. See Burnham v. Karl Gelb, 50 Conn. App. 385, 395-96
(1998) (common law claim for wrongful discharged exists only where employee is otherwise without a remedy.) Dr. Berky further CT Page 1555 asserts that as to count two the motion to strike should be granted because, as a matter of law, Vitelli's allegations do not amount to "extreme and outrageous" conduct necessary to support an action of intentional infliction of emotional distress. SeePetyan v. Ellis, 200 Conn. 243, 253 (1986).
With respect to count one, it is clear that a plaintiff is not allowed to bring a common law action for wrongful discharge where a statutory administrative remedy exists. Burnham v. Karl Gelb, supra. The question is whether Vitelli clearly has such a remedy. She has brought a complaint with the Commission on Human Rights and Opportunities ("CHRO") pursuant to § 46A-58 and 46A-60 of the General Statutes. Counsel has represented that Dr. Berky is defending that complaint, inter alia, on the ground that the CHRO lacks jurisdiction because Dr. Berky had too few employees to meet the statutory requirement.
Where the availability plaintiff's administrative remedy is in dispute, premature application of the Burnham rule would be unfair. If the CHRO rejects Dr. Berky's jurisdictional argument and proceeds to decide Vitelli's complaint on its merits, then a motion to strike might well be appropriate. Based on the present record, however, the motion to strike the first count is denied.
The motion to strike count two is also denied. It is clear that when considering any motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992). The allegations in count two of the complaint are sufficient to allow a jury to consider whether Dr. Berky's alleged conduct toward Vitelli while she was pregnant was outrageous.
 CONCLUSION
For the reasons set forth, above the motion to strike counts one and two of the complaint is denied.
So Ordered at New Haven, Connecticut this 11th day of February, 1999.
_________________ Devlin, J.